UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES GORMLY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES WALKER, *et al.*,<br><br>　　　　Defendants. | **Civil Action No. 21-2688 (CRC)** |
| HELEN KASAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | **Civil Action No. 21-2693 (CRC)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN ALLEN'S MOTION TO DISMISS THE COMPLAINTS**

Plaintiff Charles Gormly, as personal representative of the estate of Fitsum Kebede, and Plaintiff Helen Kasay, as personal representative of the estate of Yafet Solomen, her son, brought this suit against James Walker, the District of Columbia (the District), and 11 named District employees, including Defendant Steven Allen, a DCRA Investigator at the time. Plaintiffs allege that the District and its employees failed to adequately enforce various provisions of building safety statutes and regulations against Walker, the owner and landlord of 708 Kennedy Street, N.W. (the Property). Kebede and Solomen, both residents there, died when a fire broke out at the Property due to unsafe building modifications installed by Walker. Both Plaintiffs bring claims of negligence and negligence *per se* against Defendant Allen. These claims should be dismissed because under the public duty doctrine, Allen did not owe a duty to the decedents. As

explained in the motion to dismiss filed by the other District of Columbia Defendants in this case, longstanding District common law precedent makes clear that District employees provide public services, including conducting investigations and bringing enforcement actions under the Construction and Fire Codes, on behalf of the public as a whole. *See* D.C. Defs.' Mot. Dismiss Compls. [12] at 2 (attached as Ex. A). Consequently, those statutes do not create duties owed by individual District employees to specific individuals. *See* Mem. P&A Supp. D.C. Defs.' Mot. Dismiss Compls. [12-1] at 13–16 (attached as Ex. B); *see also* Reply Supp. D.C. Defs.' Mot Dismiss [29] at 8–13 (attached as Ex. C). As Plaintiffs' claims against Allen are based on his conduct of an investigation and enforcement action, they should be dismissed for the same reasons those claims should be dismissed against the other individual District Defendants. Allen hereby joins the arguments made by the other District Defendants in full and incorporates them herein by reference. *See* Exs. A, B, C.

## CONCLUSION

For these reasons, the Court should dismiss Counts III, IV, and V of the Complaints against Defendant Steven Allen with prejudice.

Date:   March 30, 2022               Respectfully submitted,

                                     KARL A. RACINE
                                     Attorney General for the District of Columbia

                                     CHAD COPELAND
                                     Deputy Attorney General
                                     Civil Litigation Division

                                     */s/ Christina Okereke*
                                     CHRISTINA OKEREKE [219272]
                                     Chief, Civil Litigation Division Section II

                                     /s/ *Brendan Heath*
                                     BRENDAN HEATH [#1619960]

STEVEN N. RUBENSTEIN [#1013094]
MATTHEW TROUT [#1030119]
Assistant Attorneys General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 442-9880
brendan.heath@dc.gov

*Counsel for Defendant Steven Allen*